**Raghvendra SINGH, Plaintiff-
Appellant,**

v.

**UNITED STATES GOVERNMENT,
Defendant-Appellee.**

**No. 16-15577**

United States Court of Appeals,
Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Raghvendra Singh, Pro Se

Before: SCHROEDER, TASHIMA, and
M. SMITH, Circuit Judges.

MEMORANDUM **

Raghvendra Singh appeals pro se from
the district court's judgment dismissing his
action seeking to enjoin the collection of
taxes and for damages. We have jurisdic-
tion under 28 U.S.C. § 1291. We review
for an abuse of discretion a district court's
dismissal of an action as frivolous. *Denton
v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct.
1728, 118 L.Ed.2d 340 (1992). We may
affirm on any ground supported by the
record. *Johnson v. Riverside Healthcare
Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.
2008). We affirm.

Dismissal of Singh's claims for injunctive
relief was proper because Singh's claims
were barred by the Anti-Injunction Act
("the Act"), 26 U.S.C. § 7421(a), as Singh

seeks to restrain the government's tax as-
sessment and collection activities, and no
exception to the Act applies. *See Elias v.
Connett*, 908 F.2d 521, 523 (9th Cir. 1990)
("The district court must dismiss for lack
of subject matter jurisdiction any suit that
does not fall within one of the exceptions
to the Act."); *see also id.* § 7421(a) (listing
statutory exceptions to the Act); *Enochs v.
Williams Packing & Navigation Co.*, 370
U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292
(1962) (discussing limited judicial exception
to the Act).

Dismissal of Singh's claim for damages
was proper because Singh failed to allege a
violation of a statute or regulation entitling
him to damages. *See* 26 U.S.C. § 7433(a),
(d) (discussing scope of right to file civil
action for damages for unauthorized collec-
tion actions); *Miller v. United States*, 66
F.3d 220, 222-23 (9th Cir. 1995) (taxpayer
cannot seek damages under § 7433 for
improper assessment of taxes).

To the extent Singh attempted to plead
a refund claim by alleging that he paid
taxes for the 2008 and 2009 years in full
and the IRS rejected his refund claim,
dismissal of this claim was proper because
Singh failed to allege facts sufficient to
state a refund claim. *See Hebbe v. Pliler*,
627 F.3d 338, 341-42 (9th Cir. 2010) (al-
though pro se pleadings are to be liberally
construed, a plaintiff must present factual
allegations sufficient to state a plausible
claim for relief); *see also* 26 U.S.C.
§§ 6532(a)(1) & 7422(a) (setting forth ad-
ministrative remedy requirements for re-
fund actions); *Holloman v. Watt*, 708 F.2d
1399, 1401 (9th Cir. 1983) (waiver of sover-
eign immunity "must be unequivocally ex-
pressed," and "[t]he party who sues the
United States bears the burden of pointing

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

to such an unequivocal waiver of immunity" (citation and internal quotation marks omitted)).

**AFFIRMED.**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Sims's request for oral argument, set forth in his opening brief, is denied.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.